UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re: | Hon. Scott W. Dales |
| RODNEY LEE TENNISWOOD, | Case No. DL17-02033 |
| Debtor. | Chapter 7 |

SCOTT A. CHERNICH, Chapter 7 Trustee,

    Plaintiff,     Adv. Pro. #_____

v

STEPHEN TENNISWOOD, Individually and
as Trustee of the Howard J. Tenniswood Loving Trust

    Defendant.

## TRUSTEE'S COMPLAINT TO AVOID TRANSFERS, BREACH OF FIDUCIARY DUTY, AND FOR AN ACCOUNTING

Plaintiff, Chapter 7 Trustee Scott A. Chernich, ("Bankruptcy Trustee"), through his attorneys, Foster, Swift, Collins & Smith, P.C., pursuant to 11 U.S.C. §§542, 544, 548, 550, and 551, and in support thereof, states as follows:

### PARTIES AND JURISDICTION

1. Debtor Rodney Lee Tenniswood ("Debtor") commenced this case by filing a voluntary Chapter 7 Petition on April 24, 2017.

2. Scott A. Chernich was appointed the Chapter 7 Bankruptcy Trustee at the first meeting of the creditors held on June 23, 2017.

3. Upon information and belief, Stephen Tenniswood ("Defendant") is an individual and is the Debtor's brother who resides at 3565 S. Adrian Hwy., Adrian, MI 49221.

4.  This is an adversary proceeding brought pursuant to 11 U.S.C. §§542, 544, 548, 550 and 551, and the Uniform Fraudulent Transfer Act, MCL 566.31 *et seq*, to avoid and recover fraudulent transfers.

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and 28 U.S.C. § 157(b)(2)(O). The Bankruptcy Trustee consents to the entry of a final judgment in this proceeding.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

8.  The Bankruptcy Trustee incorporates by reference the proceeding paragraphs.

9.  On February 18, 1994, Mr. Howard J. Tenniswood established the Howard J. Tenniswood Loving Trust (the "Trust"). **Exhibit A.**

10. Howard and Dorothy Tenniswood were the settlors and Trustees of the Trust.

11. The beneficiaries of the Trust were and are the three children of Howard and Dorothy Tenniswood: Defendant Stephen Tenniswood, Leon Tenniswood, and the Debtor.

12. The Debtor's interest in the Trust is property of the Estate under 11 U.S.C. § 541.

13. On April 4, 2011, Howard J. Tenniswood amended the Trust to name Defendant, Stephen Tenniswood, Successor Trustee, upon Howard J. Tenniswood's death. **Exhibit B.**

14. Upon information and belief, Howard J. Tenniswood passed away later in 2011 and, as such, Defendant became the sole trustee of the Trust.

## COUNT I – AVOIDANCE OF TRANSFER – PURSUANT TO 11 U.S.C. § 544

15. The Bankruptcy Trustee incorporates by reference the preceding paragraphs.

16. Under 11 U.S.C. § 544(b), the Bankruptcy Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable state law by a creditor holding an unsecured claim.

2

17. Based on this "strong arm" power, the Bankruptcy Trustee may avoid a transfer that is avoidable under Michigan's fraudulent conveyance law, the Uniform Fraudulent Transfer Act, MCL § 566.31 *et seq*.

18. The Debtor has an interest in property held by the Trust.

19. The Debtor testified at his 341 Hearing that he believes that, among other assets, a 150 acre farm and several buildings on that property, including a home, are/were assets held in the Trust (the "Real Property"). On information and belief, Stephen Tenniswood is and has been using the Real Property for his own use to the exclusion of the other beneficiaries of the Trust.

20. On information and belief, shares of Scientemp Corp. stock are/were also assets held in the Trust. Scientemp Corp. is a registered Michigan domestic profit corporation founded by Howard Tenniswood. Its address is 3565 South Adrian Highway, Adrian, Michigan 49221. Defendant is the current President and Resident Agent of Scientemp Corp. On information of belief, Stephen Tenniswood transferred the shares of the Scientemp Corp. to himself, to the exclusion of other Trust Beneficiaries and is using the assets of Scientemp Corp for his sole benefit and enrichment.

21. Pursuant to Article XII of the Trust, Defendant, as Trustee, was required to distribute any undistributed income and principal in equal shares to the Trust beneficiaries upon the death of Howard Tenniswood. Essentially, Stephen Tenniswood was to liquidate Trust Assets and distribute the proceeds to all Trust Beneficiaries.

22. The Debtor testified at his 341 Hearing that he never received any disbursements or distribution from Defendant pertaining to his interest in the Trust.

23. On information and belief, Defendant "bought out" Leon Tenniswood's one-third interest in the Trust for approximately $200,000.00 sometime in 2016.

24. On information and belief, Defendant, individually and as Trustee, transferred Trust assets, including but not limited to the Real Property and the corporate assets of Scientemp Corp. to himself, in which the beneficiaries, including Debtor, once had an interest (the "Transfers").

25. Defendant made the Transfers to himself without distributing any income or principal from the Trust to the Debtor in violation of the terms of the Trust.

26. The Transfer of Trust assets to Defendant constitutes a fraudulent transfer that is avoidable by the Bankruptcy Trustee under Michigan's Uniform Fraudulent Transfer Act in conjunction with 11 U.S.C. § 544(b), and the transfers are also avoidable under 11 U.S.C. §548.

WHEREFORE, the Bankruptcy Trustee requests that this Court enter an Order avoiding the Transfer of Trust assets to Defendant, recovering and preserving the portion of the Transfer to which the Debtor is entitled for the benefit of the Bankruptcy Estate, and granting the Bankruptcy Trustee such other and further relief as may be just and proper.

### COUNT II – RECOVERY OF AVOIDED TRANSFER UNDER § 550

27. The Bankruptcy Trustee incorporates by reference the preceding paragraphs.

28. Pursuant to 11 U.S.C. § 550, a trustee who has avoided a transfer under § 544 may recover, for the benefit of the estate, the property transferred.

29. Upon avoidance of the Transfers under § 544, the Trustee is entitled to recover the amount of the Transfers for the benefit of the estate.

WHEREFORE, the Bankruptcy Trustee requests that this Court enter an Order avoiding the Transfers, recovering and preserving the portion of the Transfers to which the Debtor is entitled for the benefit of the Bankruptcy Estate, and granting the Bankruptcy Trustee such other and further relief as may be just and proper.

### COUNT III – PRESERVATION OF AVOIDED TRANSFER UNDER § 551

30. The Bankruptcy Trustee incorporates by reference the preceding paragraphs.

31. Pursuant to 11 U.S.C. § 551, any transfer voided under § 544 is preserved for the benefit of the Bankruptcy Estate.

32. The Bankruptcy Trustee requests that the Order avoiding the Transfers provide that the portion of the Transfers to which the Debtor is entitled is preserved for the benefit of the Bankruptcy Estate under § 551.

WHEREFORE, the Bankruptcy Trustee requests that this Court enter an Order avoiding the Transfers, recovering and preserving the Transfers for the benefit of the Bankruptcy Estate, and granting the Bankruptcy Trustee such other and further relief as may be just and proper.

## COUNT IV – BREACH OF FIDUCIARY DUTY AS TRUSTEE

33. The Bankruptcy Trustee incorporates by reference the preceding paragraphs.

34. Pursuant to MCL 700.1212, Defendant, as trustee of the Trust, is a fiduciary to the beneficiaries of the Trust, including the Debtor.

35. Pursuant to Article XII, Section 2(c) of the Trust, Defendant, as Trustee, was required to distribute any undistributed income and principal to the beneficiaries of the Trust, including the Debtor, upon Howard Tenniswood's death.

36. The Debtor testified at his 341 Hearing that he has never received any disbursement or distribution from Defendant relating to his interest in the Trust.

37. Furthermore, under Article XVI, Section 4 of the Trust, the trustee is required to report to all the beneficiaries, at least semiannually, all of the receipts, disbursements, and distributions occurring during the reporting period along with a complete statement of the Trust property.

38. Debtor testified at his 341 Hearing that he has never received anything from Defendant regarding an accounting of Trust assets.

39. The Defendant has failed to fulfill his duties under the Trust by not reporting or accounting to the Trust Beneficiaries and by transferring assets to himself or using Trust assets for his sole; exclusive benefit.

40. The Bankruptcy Trustee has made repeated requests for an accounting and/or inventory of the Trust, from the Defendant and his Attorney, but no such documents have been forthcoming.

41. MCL 700.1308 permits this Court to, among other things, order an accounting, compel the Trustee to pay money, and void any act of the Trustee that the court may determine to be fraudulent or that violates the Trust or the Defendant's fiduciary duty.

WHEREFORE, the Bankruptcy Trustee requests that this Court enter an Order:

    A.    that finds Defendant, Stephen Tenniswood, in breach of his fiduciary duty as Trustee;

    B.    that compels Defendant, Stephen Tenniswood, to perform his fiduciary duties by distributing or disbursing Trust assets to the Debtor pursuant to the terms of the Trust;

    C.    that compels Defendant, Stephen Tenniswood, to provide an accounting of Trust assets pursuant to Article XVI, Section 4 of the Trust; and

    D.    that grants the Bankruptcy Trustee such other and further relief as may be just and proper pursuant to MCL 700.1308 or otherwise.

## COUNT V - ACCOUNTING

42. The Bankruptcy Trustee incorporates by reference the preceding paragraphs.

43. The Bankruptcy Trustee is a proper party under this action for Accounting.

44. The Defendant, as Trustee of the Trust, has control of the personal and business assets in the Trust.

45. Both Debtor Rodney Tenniswood and his brother, Leon Tenniswood, are beneficiaries of the Trust.

46. Under Article XVI, Section 4 of the Trust, the trustee is required to report to all the beneficiaries, at least semiannually, all of the receipts, disbursements, and distributions occurring during the reporting period along with a complete statement of the Trust property.

47. Debtor testified that the Defendant has never provided an inventory of the Trust to the beneficiaries.

48. Without an accounting and/or inventory of the Trust assets, the Debtor, and/or Bankruptcy Trustee, cannot reasonably be expected to ascertain any amounts owed, to the estate, nor understand the nature and extent of the Trust Assets.

WHEREFORE, the Bankruptcy Trustee requests that this Court enter an order compelling Defendant, Stephen Tenniswood, to perform his fiduciary duty of providing an accounting of the Trust

pursuant to Article XVI, Section 4 of the Trust, from the time of Howard J. Tenniswood's death to the present.

                Respectfully submitted,

                FOSTER, SWIFT, COLLINS & SMITH, P. C.
                Attorneys for Chapter 7 Trustee

Dated: March 12, 2018        By: /s/ Scott A. Chernich
                     Scott A. Chernich (P48893)
                     313 S. Washington Square
                     Lansing, MI 48933
                     (517) 371-8133
                     schernich@fosterswift.com

13333:94362:3478605-1