<u>IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF MICHIGAN</u>

**IN RE: Rodney Lee Tenniswood,**

    D<small>EBTOR</small>,

C<small>ASE</small> N<small>O</small>. 17-02033-SWD
A<small>DV</small>. P<small>RO</small>. N<small>O</small>. 18-80046-SWD
H<small>ON</small>. S<small>COTT</small> W. D<small>ALES</small>_____/

**SCOTT A. CHERNICH,** Chapter 7 Trustee

    Plaintiff.

V

**STEPHEN TENNISWOOD**, Individually and as Trustee of the Howard J. Tenniswood Living Trust

    Defendants.
_____/

PERRONE LAW, P.C.
Jacob A. Perrone (Mich Bar No. 71915)
*Attorney for Defendants*
221 W. Lake Lansing Rd. Ste. 200
East Lansing, MI 48823
(517) 351-0332
_____

## ANSWER TO TRUSTEE'S COMPLAINT TO AVOID TRANSFERS, BREACH OF FIDCUIARY DUTY, AND FOR AN ACCOUNTING

NOW COMES, Defendants, STEPHEN TENNISWOOD, Individually and as Trustee of the Howard J. Tenniswood Living Trust, by and through counsel, Jacob A. Perrone, pursuant to Bankruptcy Rule 7012 and for his answer states the following:

1.     Admit.

2.     Admit.

3.     Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

4. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

5. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

6. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

7. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

## *GENERAL ALLEGATIONS*

8. Defendants incorporate by reference the answers to the proceeding paragraphs.

9. Admit.

10. Admit.

11. Admit.

12. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required. By way of further answer, the Defendant maintains that the Spendthrift and Discretionary provisions contained in Articles 12, 14, and 18 of the Trust compel Defendants to maintain the property in the Trust resulting from Debtor's Legal Disability pursuant to the terms of the Trust and the intent of the Settlors. The Debtor's financial situation on the date of the Settlor's death in 2011 constitutes a state of duress where the Debtor was obviously unable to effectively manage his or her property leading to the instant matter.

13. Admit. By way of further answer, the document speaks for itself.

14. Admit.



## COUNT I – AVOIDANCE OF TRANSFER

15. Defendants incorporate by reference the answers to preceding paragraphs

16. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

17. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

18. Admit.

19. Deny as Untrue. Admit only that the Real Property and a bank account are part of the Trust. By way of further answer, any and all acts done by Stephen Tenniswood, either individually or in capacity as Trustee have been to maintain the property and fulfill his fiduciary obligations pursuant to the terms of the Trust and any beneficial use of the land is incidental to maintaining the Real Property.

20. Deny as Untrue. Any and all shares of Scientemp Corp were never in the Trust and were sold and transferred to Stephen Tenniswood individually in 2008 prior to the Death of Howard J. Tenniswood. Defendants will produce all stock certificates with original signatures for the transfer.

21. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required. By way of further answer, the Spendthrift and Discretionary provisions of the Trust compel the property be maintained in the Trust and not be invaded by creditors.

22. Deny as untrue. Debtor received distributions of $62,735.34 on or about December 19, 2012, $83.63 on or about December 27, 2012, $10,662.78 on or about December 24, 2012, and $91,136.74 on December 27, 2012.

23. Admit.



24. Deny as untrue. All assets remain in the Trust comprising of a 125 acre farm and a bank account.

25. Deny as untrue. Any and all distributions have been split equally among the beneficiaries, Leon Tenniswood's share was bought out in a transaction favorable to Leon based on the highest appraisal for the property, and Defendants have relied on the terms of the Trust and the letter received from Debtor October 18, 2013 pursuant to Section 4 Article 12 of the Trust in avoiding any distributions to Debtor. (see attached **Exhibit A** incorporated herein by reference)

26. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

### COUNT II – RECOVERY OF AVOIDED TRANSFER

27. Defendants incorporate by reference the answers to the preceding paragraphs.

28. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

29. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

### COUNT III – PRESERVATION OF AVOIDED TRANSFER UNDER §551

30. Defendants incorporate by reference the answers to the preceding paragraphs.

31. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

32. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

## COUNT IV – BREACH OF FIDUCIARY DUTY AS TRUSTEE

33. Defendants incorporate by reference the answers to the preceding paragraphs.

34. Admit.

35. Deny as Untrue. Defendants stopped distributions at the request of Rodney Tenniswood as provided for in the Trust.

36. Deny as Untrue. Debtor has received multiple distributions from the Trust in accordance with the terms of the Trust.

37. Admit only that this is included in the terms of the Trust. By way of further answer the Defendants made all financial information continually readily available to Debtor as the Trust is comprised solely of a 125 acre farm and bank account and Debtor has had access to any and all reports and/or statements related to either.

38. Deny as Untrue. Rodney Tenniswood received a K-1 for every distribution and has had access to monthly bank statements and has knowledge of any and all appraisals for the farm.

39. Deny as Untrue. Defendant has carried out his duties as Trustee in good faith based upon the terms of the Trust preventing him from taking the actions requested by the Plaintiff in this matter.

40. Admit.

41. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

## COUNT V - ACCOUNTING

42. Defendants incorporate by reference the answers to the preceding paragraphs.

43. Admit.



Page **5** of **6**

44. Admit only that the Defendants have control of the personal assets as the business assets are not in the Trust.

45. Admit only that Rodney Tenniswood is a beneficiary of the Trust. The interest of Leon Tenniswood has been extinguished by agreement.

46. Admit. The Trust speaks for itself.

47. Deny as Untrue. Debtor has been provided with all appraisals, bank statements, and documentation regarding the value of the Trust.

48. Defendants states that allegations set forth constitute legal conclusions of the pleader, thus no response is required.

Respectfully submitted,

Dated: April 12, 2018       /s/Jacob A. Perrone
JACOB A. PERRONE (MICH NO. P71915)
Attorney for Defendants
221 W. Lake Lansing Rd., Ste 200
East Lansing, MI 48823
(517) 351-0332