UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

RODNEY LEE TENNISWOOD,

      Debtor.
_____/

Case No. DL 17-02033
Hon. Scott W. Dales
Chapter 7

SCOTT A. CHERNICH, chapter 7 trustee,

      Plaintiff,

v.

STEPHEN TENNISWOOD, individually and
as trustee of the Howard J. Tenniswood
Loving Trust,

      Defendants.
_____/

Adversary Pro. No. 18-80046

## PRETRIAL ORDER

    PRESENT:    HONORABLE SCOTT W. DALES
                          Chief United States Bankruptcy Judge

A pretrial conference in the above proceeding took place, by video transmission from Lansing, Michigan, on May 31, 2018. Appearing at the pretrial conference were:

    Patricia J. Scott, Esq., attorney for Plaintiff,
    Jacob A. Perrone, Esq., attorney for Defendants.[1]

From the pretrial conference, it appears that the parties are working together to narrow issues through informal discovery and exchange of information. The prospects for settling a substantial portion of the dispute appear bright.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

---

[1] Because the Plaintiff has named Mr. Tenniswood in his individual and representative capacities, the parties agreed to proceed as if there were two defendants, albeit in the same person.

Jurisdiction/Core and Non-Core Findings

The court has jurisdiction under 28 U.S.C. § 1334 and also appears to have authority to resolve the dispute as a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H) (fraudulent transfer recovery). In addition, with respect to the non-core matters (specifically Counts IV & V as discussed during the hearing), the parties have formally consented to the entry of a final judgment by a U.S. Bankruptcy Judge, subject to appellate review under 28 U.S.C. § 158. *Wellness Int'l Network, Ltd., et al v. Sharif*, 575 U.S. ___, 135 S. Ct. 1932 (2015).

Jury Trial

Neither party has timely demanded a trial by jury. The court will conduct all proceedings and enter a final judgment after trial, settlement, or appropriate motion.

Alternative Dispute Resolution

The court encourages the parties to pursue alternative dispute resolution ("ADR"), such as facilitative mediation. At the pretrial conference, they agreed that ADR would not likely assist in resolving this dispute because counsel have cooperated substantially to narrow the issues for trial without the aid of a neutral.

The court is agreeable to adjusting the deadlines prescribed in this Pretrial Order to accommodate the parties' pursuit of ADR if their opinion on the issue changes.

Plaintiff's Allegations and Defendant's Responses

Chapter 7 trustee Scott Chernich (the "Plaintiff") sues Stephen Tenniswood (the "Defendant"), individually and as trustee of the Howard J. Tenniswood Loving Trust (the "Trust"), under several theories of claim. The complaint alleges that the Defendant "bought out" his non-debtor brother-beneficiary's 1/3 interest in the Trust for $200,000 in 2016, suggesting that the Debtor's interest in the property may be of similar magnitude. Plaintiff also alleges that the Defendant transferred Trust assets (including the real estate and corporate assets of Scientemp Corp.) to himself in violation of the Trust and in a transaction voidable as a fraudulent transfer of the Debtor's interests.

More specifically, the Plaintiff contends that the Defendant fraudulently transferred an interest of his brother, chapter 7 debtor Rodney Tenniswood ("Debtor"), in trust property included within the bankruptcy estate. On account of this transfer the Plaintiff seeks avoidance under the Uniform Avoidable Transfers Act and 11 U.S.C. § 544, as well as 11 U.S.C. § 548, together with recovery and preservation of the transfers under 11 U.S.C. §§ 550 & 551, respectively. *See* Counts I thru III.

In Count IV & V of the complaint, Plaintiff seeks to hold the Defendant responsible for alleged breaches of his fiduciary duties (and accounting) to the Debtor, asserting state law causes of action to which the Plaintiff succeeded as bankruptcy trustee under 11 U.S.C.

§ 541. The property at issue is the Debtor's supposed interest in a 150 acre farm (where the Defendant lives), and corporate shares of Scientemp Corp. (a Michigan corporation).

The Defendant (in both capacities) answered the complaint through counsel, and relies to some extent on the Spendthrift and Discretionary provision in Articles 12, 14 & 18 of the Trust, and the Debtor's supposed legal disability. The Defendant relies on a letter from the Debtor, dated October 10, 2013, pursuant to which the Debtor allegedly directed the Defendant to retain in trust any distribution that would otherwise be authorized or required to be made to the Debtor.

The Defendant denies any liability for breach of fiduciary duty, and contends that the Scientemp Corp. shares were never in the Trust but instead were his since 2008, when his (and the Debtor's) father effected an *inter vivos* transfer to him at a time when the Debtor had no conceivable interest in the shares or even the Trust. He reports that the Trust made substantial distributions to the Debtor in December 2012, and none since that time.

Issues

Although this proceeding raises numerous issues, the principal issues to be decided include the following:

1. Whether the Defendant transferred an interest of the Debtor in Trust property in a transaction vulnerable under the Uniform Voidable Transfer Act (and § 544);
2. Whether the Defendant transferred an interest of the Debtor in Trust property in a transaction vulnerable under § 548;
3. Assuming avoidance, whether any interest of the Debtor that was transferred may be recovered under § 550;
4. Assuming avoidance, whether the Plaintiff is entitled to a money judgment against the Defendant, in either capacity, under § 550;
5. Whether the Defendant breached his fiduciary duties to the Debtor under applicable non-bankruptcy law, giving rise to a claim for damages recoverable by the Trustee, derivatively through § 541.

Pleadings

The pleadings are now in order. Neither party may file an amended pleading without a stipulation by the other party (or parties) or court order. Parties shall, if appropriate, file responses to amended pleadings within the time prescribed by Fed. R. Civ. P. 15(a)(3).

Discovery

Discovery in this proceeding shall be completed by **Friday, November 30, 2018** (the "Cutoff Date"). The parties shall propound any discovery requests in time to permit

the other party to respond, or otherwise permit completion of responses (e.g., by giving deposition testimony, answering interrogatories, responding to requests to admit etc.) before the Cutoff Date, keeping in mind the time-frames for responses prescribed in the applicable rules.  For purposes of Rule 30(b)(1), "reasonable written notice" shall mean written notice served not fewer than 20 days before the proposed deposition, unless the court orders otherwise.  The court intends to include requests for admission under Fed. R. Civ. P. 36 within this paragraph though such requests may not technically qualify as discovery.

The parties' discovery plan set forth in the report of the Rule 26(f) conference is incorporated into this Pretrial Order, except that all deadlines included therein (other than the Cutoff Date and the date for filing dispositive motions) is extended for 30 days beyond the date set forth in the discovery plan.

Any motion regarding discovery shall be timely only if filed at least 14 days before the Cutoff Date.

Dispositive Motions

Dispositive motions, including motions under Rule 56, may assist the court in promptly resolving this dispute.  Any dispositive motion shall be filed and served on or before **Monday, December 31, 2018**.  Except as otherwise ordered by the court, any response to a dispositive motion will be timely only if filed and served within 14 days after the motion is filed.  The court will not permit a reply, except for cause shown, prior to filing the reply.  In addition, the court may rule on such motions without oral argument if, in the court's opinion, oral argument is not necessary.  The parties should draft their motion papers with this possibility in mind.

Subsequent Pretrial Conference Date

The court will issue a separate hearing notice setting a subsequent pretrial conference in January 2019, in Lansing (U.S. Court House, 315 W. Allegan Street, Lansing, Michigan).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Patricia J. Scott, Esq., and Jacob A. Perrone, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 1, 2018**



_____
Scott W. Dales
United States Bankruptcy Judge